IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

PINEBRIDGE INVESTMENTS PARTNERS LLC
and PINEBRIDGE GEM II, LTD.,

                    Plaintiffs,

-against-

ABDÜLAZIZ GEYLAN ZAPSU,

                    Defendant.

Civil Action No. _____

---

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs PineBridge Investments Partners LLC ("PineBridge") and PineBridge GEM II, Ltd. (the "GEM II Advisor" or the "Advisor") for their complaint against defendant Abdülaziz Geylan Zapsu ("Zapsu") state:

### Nature of the Action

1. Headquartered in New York, Plaintiffs are entities that Zapsu wrongfully hauled into an international ICC arbitration (the "Arbitration") despite the fact that Plaintiffs never agreed to arbitrate any claim with him. Plaintiffs did not sign, and are not party to, the arbitration agreement that Zapsu relies upon in the Arbitration. Plaintiffs seek (1) a judgment declaring that Plaintiffs are not bound to arbitrate with Zapsu; and (2) an injunction enjoining Zapsu (and his agents and attorneys) from pursuing or taking any further step in the Arbitration against Plaintiffs.

2. In Zapsu's Request for Arbitration (the "Request") with the International Chamber of Commerce (the "ICC"), Zapsu named the two Plaintiffs, and non-plaintiff PineBridge Global Emerging Markets Partners II, L.P. (the "GEM II Fund" or the "Fund"), as respondents. The

1

basis for the Arbitration is a Non-Competition Agreement dated May 16, 2006 (the "NCA"), which contains the relevant arbitration provision. While the GEM II Fund is a party to the NCA, Plaintiffs are not, and Plaintiffs did not sign the NCA. A copy of the Request is attached as Exhibit A. A copy of the NCA is attached as Exhibit B. Plaintiffs do not dispute the validity of the NCA as between Zapsu and the GEM II Fund, nor do they seek to enjoin Zapsu from proceeding in the Arbitration against the GEM II Fund.

3. Without Plaintiffs' consent, the ICC Secretariat (the ICC's administrative body) previously determined that "the arbitral tribunal will decide any question of jurisdiction." To date, the three-member arbitration Tribunal (the "Tribunal") has not yet been constituted in the Arbitration, and in any event, Plaintiffs have never consented to have the threshold question of the ICC's jurisdiction over them to be decided by the Tribunal. Instead, Plaintiffs have stated that there is no *prima facie* agreement to arbitrate between Plaintiffs and Zapsu, that Plaintiffs are not taking part in the Arbitration, and that Plaintiffs are reserving all of their other rights.

## The Parties

4. Plaintiff PineBridge is a Delaware limited liability company with offices at 399 Park Avenue, 4th Floor, New York, New York 10022. PineBridge is not a party to the NCA.

5. Plaintiff GEM II Advisor is an exempted limited company incorporated under the laws of the Cayman Islands with offices at 399 Park Avenue, 4th Floor, New York, New York 10022. GEM II Advisor is also not a party to the NCA.

6. Defendant Zapsu is a natural person and a citizen of Turkey. He resides at Cevdet Pasa Cad. No. 99, Kat: 2 D: 4 Bebek, Istanbul, Turkey.

## Jurisdiction

7. The Court has subject-matter jurisdiction over the claims asserted in this action pursuant to 9 U.S.C § 203 and 28 U.S.C. 1367(a). This case relates to the Arbitration, which arises out of an arbitration provision in the NCA, a commercial contract between Zapsu, a Turkish national, and the GEM II Fund, a Cayman entity. The Arbitration thus falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958.

8. The relief requested herein is authorized pursuant to 9 U.S.C. § 206 (power to direct arbitration in accordance with agreement and enjoin arbitration where arbitration is inappropriate), 28 U.S.C. §§ 2201 and 2202 (declaratory judgment), 28 U.S.C. § 1651(a) (injunctive relief), and New York law.

## Plaintiffs and the GEM II Fund

9. The GEM II Fund is a private equity fund organized as an exempted limited partnership under Cayman law. Plaintiff PineBridge is a high-level entity in the overarching PineBridge Investments corporate structure, several layers removed from the GEM II Fund. In the Request, Zapsu incorrectly identifies "PineBridge Investments", purportedly "the successor to AIG Capital Partners, Inc.", as a respondent (Request ¶ 23). The successor to AIG Capital Partners, Inc., however, is Plaintiff PineBridge Investments Partners LLC. "PineBridge Investments" is a brand, and not an entity name. Plaintiff GEM II Advisor is the GEM II Fund's investment advisor pursuant to an investment advisory agreement.

## The NCA

10. Zapsu concedes in his Request that the NCA is solely "among Mr. Zapsu, the GEM II Fund, Eastern Retail Holding N.V. ("FIBA"), Sevenoaks Finance Holding Corp.

3

("Sevenoaks") and the TRG Special Opportunity Master Fund Limited ("TRG")." (Request ¶ 1). FIBA, Sevenoaks and TRG are not parties to the Arbitration or to this action.

11. Neither Plaintiff is a party to the NCA.

12. Section 7.2 of the NCA provides as follows:

> **Dispute Resolutions.** All disputes arising out of or in connection with this Agreement, including, without limitation, the interpretation of any provision of this Agreement or the breach, termination or invalidity of this Agreement or any of its provisions, shall be finally settled under the Rules of Arbitration of the International Chamber of Commerce ("ICC Rules") by one or more arbitrators appointed in accordance with the ICC Rules.
>
> The arbitration process shall be conducted in London and the language of the arbitration shall be English.
>
> Any decision or award of the arbitral tribunal shall be final and binding upon the parties to the arbitration proceeding. The Parties hereby waive to the extent permitted by law any rights to appeal or to review of such award by any court or tribunal. The Parties agree that the arbitral award may be enforced against the parties to the arbitration proceeding or their assets wherever they may be found and that a judgment upon the arbitral award may be entered in any court having jurisdiction thereof or having jurisdiction over the relevant party or any of its assets.

**Zapsu Wrongly Commences the Arbitration against Plaintiffs**

13. On May 16, 2014, Zapsu filed his Request with the ICC, alleging that several years ago, in 2009, the GEM II Fund and Plaintiffs (lumped together as "GEM II" for each of Zapsu's substantive allegations) purportedly disparaged Zapsu and disclosed confidential information in violation of the NCA.

14. The Request wrongly identifies the GEM II Advisor as "the managing general partner of the GEM II Fund." (Request ¶ 21). The Advisor, as stated above, is the investment advisor, and not the general partner, of the GEM II Fund. The general partner of the GEM II Fund is a separate entity, PineBridge GEM II G.P., L.P. (the "GEM II Managing Partner").

4

Zapsu was well aware of that fact, because the signature page of the NCA specifically identifies the GEM II Managing Partner as the general partner of the Fund. But Zapsu did not name the GEM II Managing Partner as a respondent in the Arbitration.

15. Plaintiffs are not parties to the NCA or to the arbitration provision contained in it, and do not consent to participate in the Arbitration.

### PineBridge and the GEM II Advisor Inform the ICC that there is no *Prima Facie* Agreement to Arbitrate between Zapsu and Them

16. On June 20, 2014, Plaintiffs wrote to the ICC stating that "there does not exist even a *prima facie* basis on which [the ICC] might be satisfied that there is an agreement to arbitrate between [Zapsu] and either of [the Plaintiffs]." A copy of this letter is attached as Exhibit C.

17. Specifically, Plaintiffs directed the ICC's attention to the fact that "the NCA is clear on its face that [the GEM II Advisor] and PineBridge are *not* parties to any of the provisions of the NCA, including the arbitration clause in Section 7.2" (emphasis in original). Moreover, Plaintiffs did *not* request that the ICC Secretariat refer any question of jurisdiction to the Tribunal. Plaintiffs did not, and do not, consent to the Tribunal's jurisdiction.

18. Several weeks later, on July 6, 2014, Zapsu submitted a letter to the ICC contending in part that "[the Advisor] and PineBridge are both bound by the arbitration agreement contained at clause 7.2 of the NCA", notwithstanding the fact that neither Plaintiff was a party to the NCA, as a "matter of [Cayman] law". A copy of this letter is attached as Exhibit D.

19. In accordance with their statement that there was no *prima facie* agreement to arbitrate between them and Zapsu, and in continuing to not take part in the wrongful arbitration commenced against them, Plaintiffs did not respond to Zapsu's conclusory statements to the ICC.

20. Under the applicable ICC Arbitration Rules, the ICC Secretariat and the ICC Court of International Arbitration (the "ICC Court") are available as "gatekeepers" in the Arbitration to ensure that there is a *prima facie* agreement to arbitrate between a claimant and each respondent. However, the ICC Secretariat did not refer the question of the existence of any *prima facie* agreement to arbitrate between Zapsu and Plaintiffs to the ICC Court. Instead, by letter dated July 7, 2014, the ICC Secretariat stated that "[t]he arbitral tribunal will decide any question of jurisdiction." A copy of this letter is attached as Exhibit E.

21. Plaintiffs have not submitted "any question of jurisdiction" to the Tribunal for its consideration.

22. The ICC Secretariat's letter places Plaintiffs, who are not parties to the NCA and have not asked that the Tribunal decide "any question of jurisdiction", in an untenable position. First, as of the date of this Complaint, the Tribunal has not yet been constituted, and will likely not be constituted for several months. Accordingly, no arbitral body has requested submissions on, much less decided, the issue of whether Plaintiffs—nonsignatories to the NCA—consented to arbitrate their disputes with Zapsu, which they did not. Even after the Tribunal is finally constituted, it is unclear when the Tribunal will hear arguments or reach a decision on the basic threshold question of whether Plaintiffs agreed to arbitrate with Zapsu.[1] Second, and more importantly, Plaintiffs, who are not party to the agreement to arbitrate in the NCA, would be forced to participate in an arbitration to which they never consented, even to determine this threshold question of jurisdiction.

---

[1] Given the Tribunal's broad discretion under Article 22 of the ICC Arbitration Rules to adopt the procedural measures that it considers to be most appropriate, it is possible that the Tribunal may refuse to bifurcate the jurisdictional issue and decide it at the conclusion of the Arbitration, together with the merits, since the Arbitration against the GEM II Fund is going forward in any event.

6

23. On July 30, 2014, the GEM II Fund filed its Answer to the Request (the "Answer") with the ICC. Plaintiffs did not join in the Answer. Instead, Plaintiffs submitted an additional letter to the ICC, reiterating that they "do not recognize any ICC arbitral jurisdiction over them in connection with this dispute" and further that they "have not taken and do not take any part in these proceedings". Plaintiffs also stated that they "reserve all of their rights, including but not limited to their right to apply to any court of competent jurisdiction for appropriate relief." A copy of this letter is attached as Exhibit F.

24. In short, at all times relevant to these proceedings, Plaintiffs have stated that there is no *prima facie* agreement to arbitrate between them and Zapsu, and, accordingly, have not participated in the Arbitration.

## COUNT I

### (Declaration that Plaintiffs Are Not Required To Arbitrate and Injunctive Relief Barring Zapsu from Pursuing Arbitration against Plaintiffs pursuant to 9 U.S.C. § 206 and 28 U.S.C. § 1651)

25. Plaintiffs incorporate by reference and re-allege each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

26. 9 U.S.C. § 206 provides the Court with the power to direct arbitration in accordance with the arbitration agreement and the further concomitant power to enjoin arbitration where arbitration is inappropriate.

27. 28 U.S.C. § 1651 provides the Court with the further power to issue all writs necessary or appropriate in aid of its jurisdiction.

28. By commencing and pursuing the Arbitration against Plaintiffs, who did not sign and are not party to the NCA, Zapsu has failed to arbitrate in accordance with the NCA.

7

29. Plaintiffs are entitled to a declaration that they are not bound to arbitrate with Zapsu because Plaintiffs are not party to the agreement to arbitrate in the NCA, and that only the Fund is bound to arbitrate with Zapsu under that agreement.

30. Plaintiffs will be irreparably harmed if Zapsu is permitted to pursue the Arbitration against them. Plaintiffs are not parties to the arbitration agreement in the NCA, and so would suffer irreparable harm from being forced into a futile arbitration with Zapsu—e.g., squandering time, effort and expense to participate in the proceedings, potentially for years, including conducting a factual investigation; disclosing confidential documents to Zapsu; and risking reputational and other harm with investors—when no award would be enforceable against Plaintiffs at the end of the Arbitration.

31. Because Plaintiffs have no adequate remedy at law, they are entitled to injunctive relief enjoining Zapsu and all of his agents and attorneys from pursuing or taking any further step in the Arbitration against Plaintiffs.

## COUNT II

### (Injunctive Relief Barring Zapsu from Pursuing Arbitration against Plaintiffs pursuant to New York law)

32. Plaintiffs incorporate by reference and re-allege each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

33. Neither Plaintiff is bound to arbitrate with Zapsu because Plaintiffs are not party to the agreement to arbitrate in the NCA.

34. Plaintiffs have not participated in the Arbitration.

35. Zapsu has not served Plaintiffs with an application to compel arbitration or a notice of intention to arbitrate.

36. Accordingly, Plaintiffs are entitled to an order pursuant to New York law enjoining Zapsu and all of his agents and attorneys from pursuing or taking any further step in the Arbitration against Plaintiffs.

### Request for Relief

WHEREFORE Plaintiffs pray for judgment:

    A.    Granting injunctive relief enjoining Zapsu and his agents and attorneys from pursuing or taking any further step in the Arbitration against Plaintiffs, and otherwise requiring Zapsu to proceed in the Arbitration strictly in accordance with the terms of the NCA;

    B.    Declaring that Plaintiffs are not bound to arbitrate with Zapsu because Plaintiffs are not party to the agreement to arbitrate in the NCA;

    C.    Awarding Plaintiffs their costs, disbursements and attorneys' fees in this action; and

    D.    Granting Plaintiffs such other relief as is just and proper.

Dated: August 13, 2014
       New York, New York

*/s/ Nancy Chung*
Nancy Chung
Christopher M. Egleson
Stan Chiueh
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Tel: (212) 872-1043
Fax: (212) 872-1002
nchung@akingump.com

*Counsel for Plaintiffs PineBridge Investments Partners LLC and PineBridge GEM II, Ltd.*